*United States v. Constantine*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 11th day of October, two thousand eighteen.

Present:
> GUIDO CALABRESI,
> DEBRA ANN LIVINGSTON,
> > *Circuit Judges*,
> LORNA G. SCHOFIELD,
> > *District Judge.**

---

UNITED STATES OF AMERICA,

> *Plaintiff-Appellee*,

v.                                                              18-93

BOBBI A. CONSTANTINE, AKA BOBBI BOVE, AKA ROBERT H. BOVE, AKA ROBERT A. BOVE, AKA ROBERT A. BOVIE, AKA ROBERT BOVEE, AKA ROBERT BOVIEE, AKA ROBERT K. BOVE,

> *Defendant-Appellant*.

---

For Defendant-Appellant:              JAMES RESILA, Carter, Conboy, Case, Blackmore, Maloney & Laird, PC, Albany, New York

---

* Judge Schofield, of the United States District Court for the Southern District of New York, sitting by designation.

1

For Plaintiff-Appellee:                    CARINA H. SCHOENBERGER, Assistant United States
                                           Attorney *for* Grant. C. Jaquith, United States Attorney
                                           for the Northern District of New York

Appeal from a judgment of the United States District Court for the Northern District of New York (D'Agostino, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the case is **REMANDED** for further proceedings consistent with this order.

On November 22, 2017, Defendant-Appellant Bobbi A. Constantine pleaded guilty to one count of wire fraud, in violation of 18 U.S.C. § 1343. Constantine appeals from the January 4, 2018 judgment of the U.S. District Court for the Northern District of New York (D'Agostino, *J.*) sentencing her to thirty-seven months' imprisonment and ordering her to pay restitution totaling $72,589.96, following her guilty plea. On appeal, Constantine argues that the District Court committed procedural error in its loss calculation and criminal history category assessment for United States Sentencing Guidelines ("Guidelines") purposes. Constantine also appeals the District Court's restitution order.

We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal, to which we refer only as necessary to explain our decision to remand to the District Court in accordance with the procedures set forth in *United States v. Jacobson*, 15 F.3d 19, 22 (2d Cir. 1994).

Several of Constantine's arguments on appeal concern the District Court's loss and restitution calculations with respect to a three-year lease that she obtained for a Chrysler Jeep Renegade (the "Jeep"). Constantine procured the lease by fraudulent means and subsequently abandoned the Jeep after falling behind on her lease payments. At the time of the sentencing hearing, the Government had recently located the Jeep and its current value was then unknown.

2

Over Constantine's objection, the District Court declined to subtract the vehicle's potential future value to the victim, Chrysler, for loss calculation purposes, instead calculating a loss amount of $26,242.94, which represented the total retail value of the vehicle at the time of the hearing minus the three lease payments Constantine had already made. The District Court also incorporated the Jeep loss amount into Constantine's restitution order.

After initiating this appeal, Constantine filed a motion in the district court seeking reconsideration of her sentence in light of Chrysler's repossession and subsequent sale of the Jeep for $19,000. The Government has filed papers in the District Court in which it represents that, because of the sale, it does not object to reconsideration of the sentence as it regards the amount of restitution that is owed.[1] The Government has taken the position before the District Court that Constantine's Guidelines calculation should not be reconsidered.

When Constantine moved for reconsideration of her sentence in the District Court, jurisdiction, in fact, no longer attached in that venue. *See United States v. Rodgers*, 101 F.3d 247, 251 (2d Cir. 1996) ("[T]he filing of a notice of appeal is an event of jurisdictional significance— it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal.") (quoting *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982)). The divestiture of jurisdiction rule is designed "to avoid confusion or waste of time resulting from having the same issues before two courts at the same time." *Id.* (quoting *United States v. Salerno*, 868 F.2d 524, 540 (2d Cir. 1989)). These rationales are borne

---

[1] The Government's filing in the District Court does not object to vacatur and amendment of the judgment as to its restitution amount. The Government before this Court now asserts that Constantine may be given "credit" for the sale price of the Jeep with no need to amend the judgment. We take no position on this issue, but leave the question whether the judgment should be amended as to restitution and/or the applicable loss amount to the District Court in the first instance.

out by the circumstances surrounding the present appeal. The majority of the issues Constantine raises on appeal are directly implicated by the ongoing District Court proceedings.

Though both parties therefore erred in continuing to litigate in the District Court after Constantine's filing of her notice of appeal, we fail to see any efficiency in allowing the parties to assert claims simultaneously in two venues. Accordingly, we **REMAND** the case in accordance with the procedures set forth in *United States v. Jacobson*, 15 F.3d 19, 22 (2d Cir. 1994), so that the District Court can promptly address the issues before it resulting from the sale of the Jeep Chrysler. Upon the conclusion of the proceedings before the District Court, either party may restore jurisdiction to this Court by filing with the Clerk within fourteen days of the District Court decision a letter (along with a copy of the relevant order or transcript) advising the Clerk that jurisdiction should be restored. In the interest of judicial economy, the renewed appeal will be assigned to this panel.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk